IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

---

IN RE: ZIMMER NEXGEN KNEE
IMPLANT PRODUCTS LIABILITY
LITIGATION

This applies to:

Jo Anne Singletary Rogers;

        Plaintiff,

Vs.

ZIMMER, INC., ZIMMER HOLDINGS, INC.,
et al.;

        Defendants.

MDL NO. 2272

CASE NO.: 7:16-CV-368

JURY TRIAL DEMAND

---

## APPROVED FORM OF SHORT FORM COMPLAINT FOR

## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

    Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

1

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiff, Jo Anne Singletary Rogers, states and brings this civil action before the United States District Court for the Eastern District of North Carolina as a related action in the matter entitled IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff, Jo Anne Singletary Rogers is a resident and citizen of the State of North Carolina, and claims damages as set forth below.

5. Plaintiff, Jo Anne Singletary Rogers was born on January 27, 1936.

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

6. Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on her left knee on or about October 29, 2013, at New Hanover Regional Medical Center, 2131 S. 17th Street, Wilmington, North Carolina 28401, by Dr. Jack Bowling.

7. On or about November 23, 2015, plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

    \_\_\_\_ Zimmer NexGen LPS-Flex

    \_\_\_\_\_ Zimmer NexGen CR-Flex

    \_X\_\_ Zimmer NexGen GSF LPS-Flex

2

#8584443.1(163416.002)
Case 7:16-cv-00368-H   Document 1   Filed 10/28/16   Page 2 of 9

_____ Zimmer NexGen GSF CR-Flex

_____ Zimmer NexGen MIS Tibia

8. Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® left knee device(s) on November 23, 2015, at New Hanover Regional Medical Center, 2131 S. 17th Street, Wilmington, North Carolina 28401, by Dr. Jack Bowling.

9. Plaintiff has suffered injuries as a result of implantation and revision/explanation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

10. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiffs resided at 694 Bryant Swamp Road, Bladenboro, North Carolina 28320.

11. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

12. Plaintiff claims damages as a result of:

  _X_ injury to herself

  ___ injury to the person represented

  ___ wrongful death

  ___ survivorship action

  _X_ economic loss

  _X_ loss of services

  ___ loss of consortium

13. Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

3

14. As a result of the injuries Plaintiff sustained, she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

**ALLEGATIONS AS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

| | |
|---|---|
| _____ | COUNT I (a) ZIMMER LPS-FLEX; |
| _____ | COUNT I (b) ZIMMER CR-FLEX; |
| _X_ | COUNT I (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT I (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT II – STRICT LIABILITY FAILURE TO WARN**

| | |
|---|---|
| _____ | COUNT II (a) ZIMMER LPS-FLEX ; |
| _____ | COUNT II (b) ZIMMER CR-FLEX; |
| _X_ | COUNT II (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT II (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

| | |
|---|---|
| _____ | COUNT III (a) ZIMMER LPS-FLEX; |
| _____ | COUNT III (b) ZIMMER CR-FLEX; |
| _X_ | COUNT III (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT III (d) ZIMMER GSF CR-FLEX; |

4
#8584443.1(163416.002)
Case 7:16-cv-00368-H   Document 1   Filed 10/28/16   Page 4 of 9

      _____      COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT IV - NEGLIGENCE**

      _____      COUNT IV (a) ZIMMER LPS-FLEX;

      _____      COUNT IV (b) ZIMMER CR-FLEX;

   X      COUNT IV (c) ZIMMER GSF LPS-FLEX;

      _____      COUNT IV (d) ZIMMER GSF CR-FLEX;

      _____      COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT V – NEGLIGENT MISREPRESENTATION**

      _____      COUNT V (a) ZIMMER LPS-FLEX;

      _____      COUNT V (b) ZIMMER CR-FLEX;

   X      COUNT V (c) ZIMMER GSF LPS-FLEX;

      _____      COUNT V (d) ZIMMER GSF CR-FLEX;

      _____      COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – EXPRESS WARRANTY**

      _____      COUNT VI (a) ZIMMER LPS-FLEX;

      _____      COUNT VI (b) ZIMMER CR-FLEX;

   X      COUNT VI (c) ZIMMER GSF LPS-FLEX;

      _____      COUNT VI (d) ZIMMER GSF CR-FLEX;

      _____      COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – BREACH OF EXPRESS WARRANTY**

      _____      COUNT VI (a) ZIMMER LPS-FLEX;

      _____      COUNT VI (b) ZIMMER CR-FLEX;

5

| X | COUNT VI (c) ZIMMER GSF LPS-FLEX; |
| --- | --- |
|   | COUNT VI (d) ZIMMER GSF CR-FLEX; |
|   | COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VII – BREACH OF IMPLIED WARRANTY**

|   | COUNT VII (a) ZIMMER LPS-FLEX; |
| --- | --- |
|   | COUNT VII (b) ZIMMER CR-FLEX; |
| X | COUNT VII (c) ZIMMER GSF LPS-FLEX; |
|   | COUNT VII (d) ZIMMER GSF CR-FLEX; |
|   | COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VIII – REDHIBITION**

|   | COUNT VIII (a) ZIMMER LPS-FLEX; |
| --- | --- |
|   | COUNT VIII (b) ZIMMER CR-FLEX; |
|   | COUNT VIII (c) ZIMMER GSF LPS-FLEX; |
|   | COUNT VIII (d) ZIMMER GSF CR-FLEX; |
|   | COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS; |

|   | COUNT IX – LOSS OF CONSORTIUM; |
| --- | --- |
|   | COUNT X – WRONGFUL DEATH; |
|   | COUNT XI - SURVIVAL ACTION; |
| X | COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES: NCGA G.S. §75-1 et al. |
| X | COUNT XIII – UNJUST ENRICHMENT; |
| X | COUNT XIV – PUNITIVE DAMAGES; |

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]: _____

_____
_____
_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: October 28, 2016

Respectfully submitted,

Daniel R. Lapinski
Attorney for Plaintiff
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ  07095
dlapinski@wilentz.com
Tel:  (732) 855-6066
State Bar No. NJ04612001

H. Clay Hodges
Attorney for Plaintiff
HARRIS SARRATT & HODGES, LLP
1620 Hillsborough Street, Ste. 200
Raleigh, NC  27605
chodges@hshllp.com
Tel:  (919) 546-8788
Fax:  (919) 546-8789
State Bar No. NC29270
Local Civil Rule 83.1 Counsel

By:___/s/ H. Clay Hodges_____
        H. Clay Hodges

# CERTIFICATE OF SERVICE

I certify that on October 28, 2016, a copy of the foregoing *Plaintiff's Approved Form of Short Form Complaint for Zimmer Nexgen Knee Implant Products Liability Litigation* was served via Federal Express Overnight, pursuant to waiver of service of summons process, F.R.C.P. 4(d) upon:

Peter Meyer, Esq.
BAKER & DANIELS LLP
Suite 800
111 E. Wayne Street
Fort Wayne, IN 46802

By: /s/ H. Clay Hodges
      H. Clay Hodges